E-SERVED
09/07/05
02:35 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | : | |
| *Strauss, Arnold v. Bayer Corp., et al.* | : | Case No. 01-2383 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

PTOs 4, 10, and 12 require each plaintiff transferred to this MDL proceeding "to complete and serve upon defendants a responsive Plaintiff's Fact Sheet and the Authorizations required therein" within 45 days of the date of transfer. *See, e.g.*, PTO 12, ¶ 3. Additionally, PTO 85 requires that each plaintiff produce a fully executed HIPAA Complaint Medical Authorization within 30 days of written request by defendant.

Plaintiff Arnold Strauss served a Plaintiff's Fact Sheet ("PFS") and authorizations upon Defendant (attached as Exhibit 1). The PFS and authorizations are deficient in several ways. First, in violation of PTO 85, Plaintiff has not produced a properly executed HIPAA Compliant Medical Authorization despite Defendant's repeated requests (attached as Exhibit 2). Accordingly, Defendant asks the Court to compel Plaintiff to provide a properly executed HIPAA Compliant Authorization for Release of Medical Records.

E-SERVED
09/07/05
02:35 PM ET
Baycol MDL 1431

Furthermore, Plaintiff did not provide a Supplemental Fact Sheet ("SFS") indicating whether he is making a claim for psychological injuries or harm. If such a claim is being made, Plaintiff must complete the questions in the SFS and provide a properly executed medical authorization that covers psychological records. Accordingly, Defendant asks the Court to compel Plaintiff to properly complete the SFS.

Plaintiff did not list any healthcare providers in response to PFS § III.A. *See* Exh. 1, at AS000005as. Accordingly, Defendant asks the Court to compel Plaintiff to provide the name and contact information of every healthcare provider that Plaintiff has seen during the last ten (10) years.

Plaintiff did not complete § VI of the PFS regarding any claim for physical injuries or illness resulting from Baycol. *See id.*, at AS000011as. Accordingly, Defendant asks the Court to compel Plaintiff to provide the requested information regarding any claim for physical injuries or illness.

Plaintiff did not provide a complete response to PFS § V.A. *See id.*, at AS000010as. Accordingly, Defendant asks the Court to compel Plaintiff to provide the dosage of Baycol taken, and the names of addresses of the prescribing doctor and dispensing pharmacy.

In PFS § II.M, Plaintiff indicated a claim for lost wages or lost earning capacity. *See id.*, at AS000024as. PFS § IX.5 states that a claim of lost wages or lost earning capacity requires production of plaintiff's federal tax returns for each of the last five (5) years. Accordingly, Defendant asks the Court to compel Plaintiff to provide his tax returns.

E-SERVED
09/07/05
02:35 PM ET
Baycol MDL 1431

In PFS § VII, Plaintiff did not provide any contact information for the listed doctors and pharmacy. *See id.*, at AS000013as. Accordingly, Defendant asks the Court to compel Plaintiff to produce complete addresses for the listed doctors and pharmacy.

Finally, Plaintiff did not complete PFS §§ VI.B-E regarding alleged injuries and damages. Accordingly, Defendant asks the Court to compel Plaintiff to produce the information requested in PFS § VI.B-E.

Defendant has attempted in good faith to confer with Plaintiff's counsel to resolve these issues without court action. Specifically, by letters dated June 27, August 3, and August 16, 2005, Defendant has requested that Plaintiff rectify these issues. *See* Exh. 2. On August 24, 2005, Plaintiff's counsel, Kyle Nordrehaug, sent a response informing Defendant that Plaintiff will "provide everything to you in the ordinary course" (attached as Exhibit 3). While we appreciate Mr. Nordrehaug's efforts, the "ordinary course" has come and gone. Plaintiff's counsel has failed to provide the required information in violation of PTOs 4, 10, 12, and 85.

Without a properly executed medical authorization and a properly completed Plaintiff's Fact Sheet, Defendant cannot evaluate Plaintiff's claims and, thus, is unduly prejudiced. Therefore, Defendant requests that the Court compel Plaintiff Arnold Strauss to (1) produce a properly executed HIPAA Compliant Authorization for Release of Medical Records; (2) complete the Supplemental Fact Sheet to indicate whether Plaintiff is making a claim for emotional distress or psychological injuries and harm; (3) produce the name and contact information for each healthcare provider that

E-SERVED
09/07/05
02:35 PM ET
Baycol MDL 1431

Plaintiff has seen during the last ten years, in response to PFS § III.A; (4) complete § VI of the PFS regarding any physical injuries or illness; (5) produce the requested information regarding Plaintiff's use of Baycol including the dosage, and the names and addresses of the prescribing doctor and dispensing pharmacy, in response to PFS § V.A; (6) produce Plaintiff's federal tax returns for each of the last five years, in response to PFS § IX.5; (7) produce complete addresses for the doctors and pharmacy listed in response to PFS § VII; and (8) complete PFS §§ VI.B-E.

Dated: September 6, 2005

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Paul Zidlicky
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

E-SERVED
09/07/05
02:35 PM ET
Baycol MDL 1431

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*